IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY EUGENE SMITH, | : | 3:18-cv-0739 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| MONROE COUNTY CORRECTIONAL FACILITY, *et al.*, | : | FILED SCRANTON<br>MAY 29 2018 |
| Defendants | : | PER _____ DEPUTY CLERK |

## **MEMORANDUM**

Johnny Eugene Smith ("Plaintiff"), at all relevant times, an inmate incarcerated at the Monroe County Correctional Facility ("MCCF"), Stroudsburg, Pennsylvania, filed this civil rights action on April 4, 2018, pursuant to 42 U.S.C. § 1983, alleging the denial of adequate medical care. (Doc. 1). Named as Defendants are MCCF, Warden Garry Haidle ("Haidle"), Deputy Warden Phil Diliberto ("Diliberto"), and PrimeCare Medical ("PrimeCare").

Plaintiff seeks to proceed *in forma pauperis*. (Doc. 8). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, Plaintiff will be afforded the opportunity to amend his complaint.

I. **Standards of Review**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the]

2

plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937. Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. Allegations of the Complaint

Plaintiff alleges that he has been incarcerated at MCCF since September 1, 2017. During that time period, he has been denied adequate medical care for injuries sustained in a vehicular accident. (Doc. 1, pp. 3, 4, 8). He primarily complains about sensitivity to light, the confiscation of his "polarized" eyeglass frames, and the failure to provide unspecified surgeries. (Id.)

He is seeking monetary damages. (*Id.* at 3).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

4

A. **MCCF**

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). The Monroe County Correctional Facility is not a person within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Consequently, MCCF is not amenable to suit.

B. **Supervisory and Non-Medical Defendants**

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Deliberate indifference has been found where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." Rouse, 182 F.3d at 197. Only

5

egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . ." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill, 372 F.3d at 235. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer, 991 F.2d at 69.

Courts will not second guess whether a particular course of treatment is adequate or proper. See Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). See also, e.g., Gause v. Diguglielmo, 339 F. App'x 132, 136 (3d Cir. 2009) (holding a dispute over the choice of medication does not rise to the level of an Eighth Amendment violation); Rush v. Fischer, No. 09-9918, 2011 WL 6747392, at *3 (S.D.N.Y. 2011) (stating "[t]he decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs."). Mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the

level of "deliberate indifference." See Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987); Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D.Pa. 1988). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail, 612 F.2d at 762, United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n. 2 (3d Cir. 1979); Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D.Pa. 1996.) "[T]he key question . . . is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires." Farmer, 685 F. Supp. at 1339 (citation omitted).

Plaintiff names supervisory Defendants Warden Haidle and Deputy Warden Diliberto. "[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

With regard to the second theory, a plaintiff must show that each defendant personally participated in the alleged constitutional violation or approved of it. C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005); see also Ashcroft, 556 U.S. at 677 (finding that in a § 1983 suit, "each Government official, his or her title

7

notwithstanding, is only liable for his or her own misconduct"). Liability "cannot be predicated solely on the operation of *respondeat superior*." Id. See also Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 227 (3d Cir. 2015). Personal involvement can be shown through proof of personal direction or actual knowledge and acquiescence. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Plaintiff's threadbare claims against the warden and deputy warden are based on wholly conclusory legal allegations that fail to point to, or rely on, any policy, practice or custom. Further, there are no facts that these defendants affirmatively denied him adequate medical care through personal direction, or based on actual knowledge or acquiescence.

Additionally, the Third Circuit has held that prison officials who are not physicians cannot be considered deliberately indifferent simply because they failed to

respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir.1993). In Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004), the Third Circuit expanded upon its reasoning in Durmer, stating "[a]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d 236. There is no evidence that these defendants had a reason to believe that Plaintiff was not being treated by medical personnel.

Lastly, inasmuch as Plaintiff attempts to impose liability on these defendants based on their disposition of his grievances, allegations that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or an official grievance, does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. See Rode, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006); see also Croom v. Wagner, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the

grievances and subsequent administrative appeal does not establish personal involvement).

## B. PrimeCare

Plaintiff identifies PrimeCare as a defendant. PrimeCare, as an entity, cannot be held liable for the acts of its employees under *respondeat superior* or vicarious liability. Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). To hold PrimeCare liable, Plaintiff "must provide evidence that there was a relevant [PrimeCare] policy or custom, and that the policy caused the constitutional violation [he] allege [s]." Id. (citing Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)). The complaint is devoid of any allegations against PrimeCare. Consequently, the complaint against PrimeCare will be dismissed.

## IV. Leave to Amend

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in

the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Plaintiff will be afforded the opportunity to amend to cure the defects of his complaint, to wit, identify proper defendants and allege personal involvement as to those defendants.

## V. **Conclusion**

Based on the foregoing, Plaintiff's complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.

                        **BY THE COURT:**

                        s/James M. Munley
                        **JUDGE JAMES M. MUNLEY**
                        **United States District Court**

Dated:     May 29 2018